Filed 5/4/16  Shamshoni v. Yadidsion CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FERESHTEH SHAMSHONI,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>NADIA YADIDSION,<br><br>　　　Defendant and Appellant. | B266033<br><br>(Los Angeles County<br>Super. Ct. No. SQ006884) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard Montes, Judge.  Affirmed.

　　　　Law Office of Kelly R. Decsy and Kelly R. Decsy for Defendant and Appellant.

　　　　Shamshoni Law Firm and Mazyar K. Shamshoni for Plaintiff and Respondent.

_____

Appellant Nadia Yadidsion and respondent Fereshteh Shamshoni are sisters-in-law—their husbands are brothers. The two have been on bad terms for many years. This case arises from a confrontation between the two in the parking lot of a supermarket in the west side of Los Angeles. Each filed for a domestic violence restraining order against the other (see Fam. Code, §§ 6320, 6340), and after a hearing, the trial court issued an order in favor of Shamshoni and against Yadidsion. Yadidsion now challenges the trial court's judgment. We reject Yadidsion's contentions and affirm the judgment of the trial court.

## FACTS AND PROCEEDINGS BELOW

The two sisters-in-law gave sharply differing accounts of what happened at the supermarket, and we recount each side briefly in turn.

A.    *Shamshoni's Version of Events*

Shamshoni stopped at the supermarket to do some shopping after picking up her three daughters from Sunday Hebrew school. One of the daughters pointed out that Yadidsion was present in the store and taking pictures of the Shamshoni family with the camera in her cell phone. Shamshoni became concerned for the safety of her children because she perceived Yadidsion to be stalking them and believed she might try to hurt them. She said nothing to Yadidsion, but left the store as quickly as she could.

After Shamshoni and her family were in the car and about to leave the parking lot, she saw Yadidsion again and approached her in the car. Shamshoni asked Yadidsion politely to delete the pictures from her phone. Yadidsion responded by yelling, threatening, and cursing Shamshoni. Shamshoni replied, " '[D]o you remember that you called me once at 3:00 A.M. and said I wish you lose your dearest one? So don't curse again if you don't want G[o]d to do this to you again.' "

At this, Yadision, on foot, began approaching Shamshoni in her car. Just before she reached inside the window, Shamshoni drove away.

2

B.    *Yadidsion's Version*

When Yadidsion noticed Shamshoni in the supermarket, she went to the back of the store and hid until Shamshoni left. After waiting 15 minutes to be sure Shamshoni had enough time to leave the parking lot, Yadidsion left the store. As she was walking through the parking lot, Shamshoni drove her car toward Yadidsion at a high speed. Yadidsion stepped back to avoid being hit, and Shamshoni slammed on the brakes. Shamshoni screamed profanities at Yadidsion, and shouted, " 'I hope you see the death of your daughter,' " among many other statements of ill will.

C.    *Proceedings Below*

Shamshoni and Yadidsion each filed for a domestic violence restraining order against the other. After hearing testimony from both Shamshoni and Yadidsion, the trial court viewed video footage of the confrontation in the parking lot taken from the supermarket's surveillance cameras. The video showed Shamshoni driving out of the parking lot, then circling back and re-entering approximately two minutes later. She drove her car toward Yadidsion, but the court found that she did not do so in a threatening manner that would suggest she intended to hit Yadidsion.

The court found that Yadidsion had not testified truthfully about the events, and therefore denied Yadidsion's request for a restraining order. The court also found that clear and convincing evidence supported Shamshoni, and accordingly granted Shamshoni's request for a restraining order.

**DISCUSSION**

Yadidsion raises several issues on appeal. First, she contends that the trial court violated her due process rights by failing to provide an opportunity for cross-examination of Shamshoni. Second, she contends that the trial court violated her due process rights by refusing to allow testimony pertaining to encounters between the parties prior to 2015. Third, she contends that there was insufficient evidence to support the trial court's conclusion that Yadidsion stalked Shamshoni. Fourth, she contends that she and Shamshoni were insufficiently closely related to allow for a domestic violence restraining order. Fifth, she contends that the trial court should have forbidden Shamshoni's brother

3

from serving as Shamshoni's attorney in this case. Finally, she contends that the trial court failed to weigh the evidence before concluding that all prior incidents of conflict between Shamshoni and Yadidsion were "stale" and irrelevant to the requests for restraining orders. We are not persuaded by Yadidsion's arguments, and we therefore affirm the judgment of the trial court.

I.       *Failure to Allow Cross-Examination of Shamshoni*

Yadidsion contends that her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 7 of the California Constitution was violated when the trial court did not allow her to cross-examine Shamshoni at the hearing.

Following direct examination of Shamshoni, the court recessed for lunch. When the hearing resumed in the afternoon, the trial court asked to view video footage of the confrontation at the shopping center. The court then asked questions of both Shamshoni and Yadidsion regarding the video, then rendered its decision. At no point did Yadidsion request an opportunity to cross-examine Shamshoni.

"It is a well-recognized proposition that '[a] person is free to waive any or all procedures required and designed to safeguard fundamental rights' and that a person may waive the right of cross-examination. [Citation.] Such waiver may be express, i.e., by stipulation of the parties, or implied. [Citation.] It is also a fundamental principle of appellate review that objections must be raised in the trial court to preserve questions for review. Appellate courts will not consider objections that were not presented to the trial court. [Citation.] In civil cases, constitutional questions not raised in the trial court are considered waived. [Citation.]" (*In re Marriage of S.* (1985) 171 Cal.App.3d 738, 745.)

By failing to object to the alleged denial of cross-examination, Yadidsion implicitly waived any right to raise the issue on appeal. Furthermore, "[a]n appellant has the burden to demonstrate reversible error with reasoned argument and citation to authority." (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.) In her opening brief on appeal, Yadidsion does not attempt to explain how the denial

4

of cross-examination prejudiced her.  For both of these reasons, she is not entitled to relief now.

II.    *Exclusion of Evidence Relating to Prior Conflicts*

In the declarations supporting their restraining orders, both Shamshoni and Yadidsion described incidents of conflict dating back as early as 1996.  According to Shamshoni, other than the supermarket incident, the most recent conflict between the two occurred in 2013, when Yadidsion threatened Shamshoni while passing her during services in a synagogue.  For her part, Yadidsion alleged that Shamshoni threatened her in a 99 Cents store in early 2014.  The trial court refused to hear testimony regarding any events prior to the supermarket confrontation, finding that this evidence was "stale." Yadidsion contends that this decision violated her due process rights.

In a hearing regarding a domestic violence restraining order, as with any hearing on a motion brought pursuant to the Family Code, "the court shall receive any live, competent testimony that is relevant and within the scope of the hearing."  (Fam. Code, § 217, subd. (a); accord Cal. Rules of Court, rule 5.113.)  Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action."  (Evid. Code, § 210.)  We review a trial court's decision to exclude evidence for abuse of discretion.  (*People v. Waidla* (2000) 22 Cal.4th 690, 717.)

Yadidsion argues that the trial court erred because it failed to "make a finding of good cause to refuse to receive live testimony."  (Fam. Code, § 217, subd. (b).)  But Family Code section 217 requires the court to receive "live, competent testimony *that is relevant* and within the scope of the hearing."  (Emphasis added.)  When the trial court found that the testimony of prior events was "stale," it implicitly found that the evidence was not relevant.  Yadidsion and Shamshoni are estranged.  Prior to the supermarket confrontation, neither party claimed to have seen the other within the previous year. The court did not abuse its discretion by refusing to hear evidence of nearly 20 years of

5

history in order to determine whether a restraining order was justified as a result of the supermarket confrontation.[1]

III.     *Sufficiency of the Evidence*

Yadidsion contends that substantial evidence does not support the factual findings underlying the court's decision to grant a restraining order in favor of Shamshoni. Ordinarily, "[w]e review the trial court's factual findings for substantial evidence. [Citation.]  Substantial evidence is evidence 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.' [Citation.]" (*Picerne Construction Corp. v. Villas* (2016) 244 Cal.App.4th 1201, 1208.)  The appellant "bear[s] the burden of demonstrating that there is no substantial evidence to support a challenged factual finding." (*Ibid.*)

Yadidsion contends that this deferential standard should not apply here because the trial court failed to weigh the evidence before reaching its decision.  Yadidsion is correct that "[w]here the record demonstrates the trial judge did not weigh the evidence, the presumption of correctness [of the court's factual findings] is overcome." (*Kemp Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1477 (*Kemp Bros.*).)  Here, however, there is no indication in the record that the trial court failed to weigh the evidence.

Yadidsion argues that the trial court "never explained its ruling to grant . . . Shamshoni a [r]estraining [o]rder."  This is not an accurate description of the record.  The trial court explained that after watching the surveillance video of the confrontation, it

---

**1** Yadidsion argues that the court erred by taking the gap in time between incidents into account because "[a]ccording to . . . Fam[ily] Code [section] 6301[, subdivision] (c) length of time since the act of abuse is not determinative."  This argument misconstrues the statute.  Family Code section 6301, subdivision (c) provides that "[t]he length of time since the *most recent act* of abuse is not, by itself, determinative." (Emphasis added.)  In this case, the most recent act of alleged abuse was the supermarket incident.  The trial court did not refuse to consider evidence pertaining to the most recent incident between Yadidsion and Shamshoni, but rather evidence of earlier incidents to which Family Code section 6301, subdivision (c) has no application.

6

became clear that "Yadidsion lied during these proceedings," and that "the facts which gave rise to [Yadidsion's] filing are not as they occurred in reality." The court concluded, "I find that the facts, not only by way of testimony, but by way of the video, support . . . Shamshoni's version of what happened, and so I'll issue a restraining order in her favor." This is vastly different from the situation in *Kemp Bros.*, *supra*, 146 Cal.App.4th 1474. There, the trial court erroneously ruled that the plaintiff was barred from re-litigating its claim under the doctrine of collateral estoppel, and consequently never reached a decision on the merits of the plaintiff's claim. (*Id.* at pp. 1476-1477.) Because the record showed that the trial court had never made a finding on the facts of the case, the Court of Appeal held that the substantial evidence rule did not apply to the trial court's ruling. (*Id.* at pp. 1477-1478.) Because the record in this case demonstrates that the trial court heard and considered the parties' evidence before reaching a decision, its ruling is entitled to the deference of review for substantial evidence.

Further, substantial evidence supports the trial court's findings. Shamshoni testified that Yadidsion lurked in the supermarket and took pictures of Shamshoni and her children, causing Shamshoni to feel afraid for her own safety and that of her children. The trial court could reasonably conclude from this testimony and from the surveillance video footage that Yadidsion was stalking and harassing Shamshoni, justifying the issuance of a domestic violence restraining order. (See Fam. Code, §§ 6320, 6340 [granting the trial court the authority to issue protective orders to prevent behavior including stalking and harassing].) Because the trial court's conclusions were reasonable, we may not substitute our own judgment in their place. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874.)

IV. *Degree of Affinity Between Shamshoni and Yadidsion*

Yadidsion contends that Shamshoni was not eligible for a domestic violence restraining order against her because the two are not related within the second degree of affinity. The Family Code provides that a domestic violence restraining order "may be granted to any person described in Section 6211." (Fam. Code, § 6301.) Of the types

of relationships listed in section 6211, the one that appears to apply is that described in subdivision (f), namely "[a]ny other person related by consanguinity or affinity within the second degree." The Family Code defines affinity as "the connection existing in consequence of marriage between each of the married persons and the blood relatives of the other." (Fam. Code, § 6205.) Under this definition, Shamshoni has an affinity to her husband's blood relatives. Yadidsion's husband is the brother of Shamshoni's husband, but Yadidsion herself is not a blood relative of Shamshoni's husband. Yadidsion argues on this basis that she does not share the required degree of affinity to Shamshoni, and that the trial court's grant of a domestic violence restraining order against her was improper.

Yadidsion failed to raise this argument to the trial court. Accordingly, for the reasons described above, see part I, *ante*, she may not now raise the issue on appeal. We feel compelled to note with respect to this argument that there was a very good reason Yadidsion did not raise this issue before the trial court: She herself was seeking a domestic violence restraining order against Shamshoni. By arguing now that the two are not sufficiently closely related for this type of order, Yadidsion has implicitly alleged that her own motion for a restraining order was frivolous.

V.      *Attorney Conflict of Interest*

Shamshoni's attorney both at trial and on appeal was her brother, Mazyar K. Shamshoni. Yadidsion contends that this presented a conflict of interest, and that the court should not have permitted Mazyar Shamshoni to serve as counsel.

If a party believes that opposing counsel should not represent his client due to a conflict of interest, the proper remedy is to file a motion for disqualification. (See, e.g., *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1144-1147.) We need not decide this issue because Yadidsion filed no such motion with the trial court here, and thus her objection to Shamshoni's representation is forfeited. (See *City and County of San Francisco v. Cobra Solutions, Inc.* (2014) 232 Cal.App.4th 468, 473-474.)

8

VI.     *Substantial Evidence Regarding Prior Incidents*

Yadidsion contends that, when the trial court excluded evidence of prior encounters between Shamshoni and Yadidsion, it "did not substantially weigh[] the evidence as to w[h]ether to allow evidence regarding past acts of abuse."  This appears to be a repetition under a different name of Yadidsion's allegation that the trial court violated her right to due process by excluding evidence of conflicts between the parties prior to 2015.  (See part II, *ante*.)  We reject Yadidsion's argument here for the same reasons we explained above.

## DISPOSITION

The judgment of the trial court is affirmed.  Respondent Shamshoni is to recover her costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

9