Filed 4/26/23  Lim v. CitiMortgage CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KEK HOEI LIM,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>CITIMORTGAGE, Inc., et al.,<br><br>　　　　Defendants and Respondents. | A165161<br><br>(San Francisco County<br>Super. Ct. No. CGC-21-591266) |

Kek Hoei Lim (Plaintiff) appeals from the trial court's judgment in favor of defendants CitiMortgage, Inc. (Citi) and Select Portfolio Servicing, Inc. (SPS) (collectively, Defendants).  We affirm.

BACKGROUND

Plaintiff filed the underlying quiet title action in April 2021.[1] Defendants' demurrers were both sustained and Plaintiff was given leave to amend "to allege one or more non-time barred legally viable causes of action."

Plaintiff timely filed a first amended complaint.  Defendants again filed demurrers, with the hearing on both set for October 7, 2021.  On September

---

[1] Plaintiff proceeded in propria persona in the trial court, as he does on appeal.  A third defendant is not a party to this appeal.

23, 2021, Plaintiff filed a request for a 30-day extension of the hearing on SPS's demurrer, submitting a declaration stating that he was suffering from Covid complications rendering him unable to address the demurrer. The trial court did not issue an order on this request, but the hearing proceeded on October 7 and the court sustained the demurrers, noting no opposition had been filed to either. The court granted Plaintiff leave to amend within 30 days of notice of entry of the orders. Notice was served on October 19 (Citi) and 22 (SPS).

On November 17, 2021, Plaintiff requested an extension of time to file his second amended complaint, averring that he continued to suffer from Covid complications, had an extreme reaction to the Covid vaccine, and was currently in Mexico receiving treatment. The request did not specify how much time Plaintiff sought. The trial court did not issue an order on this request.

On January 4, 2022, Citi filed an ex parte application for dismissal on the ground that Plaintiff failed to timely file a second amended complaint. Plaintiff filed an opposition that included a request for an extension of time to file a second amended complaint, averring he was still suffering from Covid complications, had an extreme reaction to the Covid vaccine, was currently in Mexico seeking treatment, lost his mother to Covid while out of the country, and was handling his mother's funeral arrangements and affairs. Plaintiff did not specify how much time he sought. On January 6, the trial court dismissed Plaintiff's complaint with prejudice as to Citi and issued judgment for Citi.

On February 10, 2022, SPS filed an ex parte application for dismissal. Plaintiff filed an opposition and requested 45 days to submit a second amended complaint, averring he was in Mexico handling issues related to the

2

deaths of both his mother and his father. On February 14, the trial court dismissed Plaintiff's complaint with prejudice as to SPS and issued an amended judgment in favor of Defendants and against Plaintiff. This appeal followed.

## DISCUSSION

Plaintiff cursorily contends the trial court was biased against him, but cites no conduct other than the adverse rulings. "It is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation. [Citation.] . . . Numerous and continuous rulings against a party are not grounds for a finding of bias." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589.) Plaintiff has failed to demonstrate any bias.

Plaintiff complains the trial court did not treat him more leniently because he was representing himself. " 'Under the law, a party may choose to act as his or her own attorney. [Citations.] "[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." ' " (*Grabowski v. Kaiser Foundation Health Plan, Inc.* (2021) 64 Cal.App.5th 67, 75, fn. 2.) Plaintiff fails to demonstrate any error in this regard.

Plaintiff argues the trial court erred in dismissing his complaint solely on procedural grounds. "The court may dismiss the complaint as to [a] defendant when," "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (Code Civ. Proc., § 581, subd. (f)(2).) Accordingly, procedural grounds authorized the dismissals and Plaintiff demonstrates no error.

Plaintiff does not argue the trial court erred in effectively denying his requests for additional time, and has therefore forfeited any such argument.

3

(*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.)  Even if the argument were not forfeited, we would reject it because Plaintiff fails to demonstrate prejudice from any error.  "[I]f . . . we can conclude that even assuming the court erred in denying a continuance the appellant was ultimately not prejudiced by the error, then any error was harmless." (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1141, disapproved of on another ground by *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 269, 274, fn. 4; see also *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 528 ["the burden to demonstrate prejudice is on the appellant"].)  Even assuming the court erred in denying the requests for additional time, Plaintiff made no showing—either below or on appeal—that if the requested continuances had been granted, he could have raised viable arguments in opposition to SPS's demurrer to the first amended complaint or could have alleged viable claims as to either of the Defendants in a second amended complaint.

DISPOSITION

The judgment is affirmed.

4

                                                      _____

                                                      SIMONS, Acting P. J.

We concur.

_____

BURNS, J.

_____

LANGHORNE, J.*

(A165161)

---

      * Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.