Filed 7/31/23  Las Lomas v. Madison CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LAS LOMAS LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HUEY P. MADISON,<br><br>    Defendant and Appellant. | A162046 & A162826<br><br>(Alameda County<br>Super. Ct. No. RG20070955) |

In this lawsuit between the owners of neighboring commercial properties, Huey P. Madison (Defendant) appeals two trial court orders.  We affirm both orders.

BACKGROUND[1]

In August 2020, respondent Las Lomas LLC (Plaintiff) sued Defendant, alleging claims for breach of contract, specific performance of contract, intentional interference with contract, and declaratory relief.  The complaint alleged the following facts: Plaintiff owns commercial property operating as a restaurant (Restaurant), which it leases to a third party tenant (Tenant), and

_____

[1] We recite only the background facts necessary to our resolution of these appeals.

1

a nearby parking lot (Parking Lot), which is used by Tenant for employee and patron parking. Defendant owns an office building and an adjacent driveway (the Office), which are located in between the Restaurant and the Parking Lot, where he operates a dental practice.

The complaint further alleged a prior owner of the Office granted an easement in favor of the Restaurant and Parking Lot, providing for access between the Restaurant and Parking Lot through an accessway located on the Office property. Prior owners also entered into a deed restriction agreement prohibiting the Office owners from blocking the accessway. The deed restriction provides it runs with the property.

The complaint alleged Defendant violated the deed restriction by building a storage shed blocking the accessway between the Restaurant and Parking Lot; and by locking a gate to the driveway and refusing to provide access to Plaintiff and Tenant, including access Tenant needs to bring a dumpster stored in the back of the Restaurant to the street for pickup. The breach of contract, specific performance of contract, and intentional interference with contract causes of action all alleged injury caused by this allegedly wrongful conduct. The declaratory relief claim seeks a declaration of Plaintiff's "entitlement to an easement over the driveway area located on the [Office]."

Defendant filed a special motion to strike the complaint pursuant to Code of Civil Procedure section 426.16, the anti-SLAPP statute.[2] Defendant's motion argued Plaintiff's complaint was filed in retaliation for (1) complaints Defendant made to the Alameda County Department of Health about waste storage at the Restaurant, (2) fliers Defendant circulated asking community

---

[2] All undesignated section references are to the Code of Civil Procedure.

members to contact Tenant about the alleged unsanitary conditions, and (3) communication that Defendant intended to sue Plaintiff.  After briefing and a hearing, the trial court denied Defendant's motion, finding, among other grounds, "the claims in this case do not arise from any act of [Defendant] in furtherance of the person's right of petition or free speech in connection with a public issue.  The claims are based on disputes over real property. [¶] The lawsuit chronologically followed [Defendant's] complaints to the Health Department about food waste at the restaurant, but the claims are not based on and do not arise out of the complaints to the Health Department."  Defendant appealed.[3]

## DISCUSSION

" '[S]ection 425.16 requires that a court engage in a two-step process when determining whether a defendant's anti-SLAPP motion should be granted.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated

---

[3] Defendant also appealed a temporary restraining order the trial court issued against Defendant.  We consolidated the appeals and granted Defendant's petition for a writ of supersedeas with respect to the temporary restraining order.  In his briefs on appeal, Defendant claims our writ of supersedeas rendered his appeal of the temporary restraining order "moot," apparently construing our order as a decision that the temporary restraining order standards had not been met.  Defendant is incorrect: our writ found only that the temporary restraining order was a mandatory injunction and was therefore stayed by Defendant's appeal.  Because Defendant makes no argument that the trial court erred in issuing the temporary restraining order, we will affirm that order.  (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 (*Tellez*) ["An appellant has the burden to demonstrate reversible error with reasoned argument and citation to authority."].)

a probability of prevailing on the claim.' " (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.) "We review de novo the grant or denial of an anti-SLAPP motion." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).)

This appeal is resolved at the first step.[4] "A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.] Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' [Citations.] '[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.' [Citations.] Instead, the focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] 'The only means specified in section 425.16 by which a moving defendant can satisfy the ["arising from"] requirement is to demonstrate that *the defendant's conduct by which plaintiff claims to have been injured* falls within one of the four categories described in subdivision (e) . . . .' [Citation.] In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park, supra,* 2 Cal.5th at pp. 1062–1063; see also *Episcopal Church Cases, supra,* 45 Cal.4th at p. 477 [" '[T]hat a cause of action arguably may have been "triggered" by protected activity does not entail that it is one arising from such.' "]; *Callanan v. Grizzly Designs, LLC* (2022)

---

[4] We therefore need not and do not decide whether Plaintiff demonstrated a probability of prevailing, or whether Defendant's anti-SLAPP motion was properly stricken as untimely.

4

81 Cal.App.5th 517, 529 ["[A] party's subjective intent or motivation for filing a lawsuit is not relevant to determining whether that lawsuit arose from an act in furtherance of the right to petition for free speech."].)

Plaintiff's claims all arise from Defendant's conduct of blocking Plaintiff's access to property Plaintiff claims it is entitled to access. Defendant's complaints to local health authorities and other protected conduct are not the wrongful conduct alleged to supply the elements of the property claims asserted in the complaint. "The additional fact that protected activity may lurk in the background—and may explain why the rift between the parties arose in the first place—does not transform a property dispute into a SLAPP suit." (*Episcopal Church Cases, supra,* 45 Cal.4th at pp. 477–478.)[5]

## DISPOSITION

The orders denying Defendant's anti-SLAPP motion and issuing a temporary restraining order are affirmed. Plaintiff is awarded its costs on appeal.

---

[5] For the first time in his reply brief, Defendant argues Plaintiff's claims arise from Defendant's protected activity defending himself in a previous lawsuit brought by prior owners of the Restaurant and Parking Lot, which is alleged in the complaint. The contention is both forfeited (*Tellez, supra,* 240 Cal.App.4th at p. 1066 ["points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before"]) and unavailing: Defendant's conduct in the prior lawsuit is not the basis for Plaintiff's claims.

5

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A162046 & A162826)

6