Filed 6/5/24  P. v. Oliver CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JACK T. OLIVER,<br><br>        Defendant and Appellant. | A167019<br><br>(San Francisco County<br>Super. Ct. Nos. SCN113500 &<br>CT691880) |

Jack T. Oliver (appellant) appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95)[1] following an evidentiary hearing.  We affirm.

---

[1] All undesignated statutory references are to the Penal Code.  Section 1170.95 was renumbered section 1172.6, without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to the section by its current numbering.

1

BACKGROUND[2]

We recite only those background facts relevant to our resolution of this appeal. In 1985, appellant was found guilty, following a jury trial, of first degree murder on a felony-murder theory, and other crimes. In 2019, appellant filed a petition for resentencing under section 1172.6. Following an evidentiary hearing (§ 1172.6, subd. (d)(3)),[3] the trial court denied appellant's petition.

DISCUSSION

I. *Legal Background*

"Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) significantly limited the scope of the felony-murder rule," providing that "a defendant who was not the actual killer and did not act with the intent to kill can only be liable for murder if she was a major participant in the underlying felony and acted with reckless indifference to human life." (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 122–123 (*Guiffreda*).) In addition, "[a] theory of direct aiding and abetting remains a valid theory after Senate Bill No. 1437." (*People v. Coley* (2022) 77 Cal.App.5th 539, 546.)

"Senate Bill No. 1437 also established a new procedure to allow defendants who could not have been convicted under the new law to petition the sentencing court to vacate their murder convictions and resentence them on any remaining counts." (*Guiffreda, supra,* 87 Cal.App.5th at p. 122.) "If

---

[2] Both parties request we take judicial notice of the record in appellant's prior appeal, No. A159606. We grant the requests.

[3] The trial court initially summarily denied the petition, and this court reversed and remanded. (*People v. Oliver* (Nov. 4, 2021, A159606) [nonpub. opn.].)

the defendant makes a prima facie showing of entitlement to relief, the court must . . . hold an evidentiary hearing to determine whether relief should be granted.  (§ 1172.6, subds. (c), (d)(3).) [¶] . . . [T]he burden of proof at a resentencing hearing under this section is 'on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder' under California law as amended by Senate Bill No. 1437 . . . ." (*Id.* at pp. 122–123.)

"On appeal from the denial of a section 1172.6 petition after an evidentiary hearing, we review the superior court's factual findings for substantial evidence and the court's application of the law to those facts de novo." (*People v. Hill* (2024) 100 Cal.App.5th 1055, 1066.)

II.    *Analysis*

Appellant's sole contention on appeal is the trial court impermissibly found appellant guilty of "an amalgamation of second-degree malice murder with first-degree felony murder."  We disagree with appellant's characterization of the court's ruling.  The court made discrete and alternative findings that appellant was guilty as the actual killer, as a major participant acting with reckless indifference, or as a direct aider and abettor.

The court found appellant "was either the actual killer in this case, or that he directly aided and abetted the killing, or that he was a major participant in the underlying felony acting with reckless indifference to human life."  After finding that evidence "place[d] [appellant] in the situation of an actual killer which would again simply end the inquiry," the court continued, "[b]ut I did go a step further to take a look at *what if he's really just a major participant* given the facts and circumstances."  (Italics added.) The separate and alternative nature of this analysis is further made clear by the court's later statement, "*even if there's an argument to be made that*

3

*[appellant] wasn't the actual killer in this case*, the Court finds that . . . he was a major participant in the killing and he acted with reckless indifference to human life at the time of the killing." (Italics added.) The court's finding as to direct aiding and abetting was similarly separate and alternative: "I think there's adequate evidence that [appellant] and his co-participant were the actual killers here. *To the extent that [appellant] could claim that he was an aider and abettor*, it appears that he was a direct aider and abettor with knowledge of the extent of the danger in terms of what he was doing as it relates to the victim and aiding the co-participant in the co-participant's actions." (Italics added.)

Appellant properly concedes that a finding "beyond a reasonable doubt that murder, under each theory, severally and discretely, had been proven . . . would justify rejection of the petition." Appellant also expressly states that his challenge "is not the sufficiency of the evidence to support each theory severally and discretely," and appellant's reply brief did not respond to the People's argument that substantial evidence supports the individual findings (other than to dispute that substantial evidence was the appropriate standard). Accordingly, any substantial evidence challenge is forfeited. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 ["On appeal we need address only the points adequately raised by [appellant] in his opening brief on appeal."].)

DISPOSITION

The judgment is affirmed.

                                                            SIMONS, J.


We concur.

JACKSON, P. J.
BURNS, J.


(A167019)