Filed 8/21/24  M.B. v. Childs CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| M.B.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAJAY CHILDS,<br><br>        Defendant and Appellant. | A169418<br><br>(Alameda County<br>Super. Ct. No. HF23146288) |

Rajay Childs (appellant) and M.B. (respondent) are parents of a child who lives with appellant in California.  Respondent lives in Georgia with his fiancée and returns to California to visit the child.

In August 2023, respondent filed a request for a domestic violence restraining order (DVRO) against appellant.  A trial on the request was conducted in October.  Respondent's fiancée testified that, on July 11, appellant followed her and respondent in her car after leaving a custody hearing.  Appellant drove up to them and "scream[ed], you're going to die, your bitch is going to die.  You're gonna die."  The fiancée also testified that, during an encounter in August, appellant sped down the wrong side of the road in her vehicle and yelled at her and respondent, "[y]ou guys are gonna die."  Appellant followed them, driving erratically and almost hitting another person.  Respondent's fiancée further testified that, also in August, appellant

1

sent her a message through Instagram, threatening that appellant would "bury" her next to her deceased father.[1]  Respondent testified that his fiancée's testimony was true and he also testified to additional harassment by appellant.  Appellant denied the accounts of the July and August incidents and testified she never threatened respondent.

The trial court found appellant had committed abuse within the meaning of the Family Code.  Specifically, the court found "that [appellant] has engaged in threats towards [respondent] and members of [respondent's] household . . . in person and through social media."  The court issued a DVRO for a period of five years, including respondent's fiancée and her child as protected parties.

Under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.),[2] a "trial court may issue an order 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.'  (§ 6300.)" (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 782 (*Nevarez*).)  "The DVPA's definition of abuse includes, among other things, '[t]o engage in any behavior that has been or could be enjoined pursuant to Section 6320[,]' (§ 6203, subd. (a)(4)), and specifies that the definition of abuse 'is not limited to the actual infliction of physical injury or assault.' (§ 6203, subd. (b).)  Behavior that may be enjoined pursuant to section 6320 includes 'stalking, threatening . . ., harassing, telephoning, . . ., contacting, either directly or indirectly, by mail or otherwise, coming within a

---

[1] Respondent's fiancée testified to additional harassment as well, but the evidence summarized herein is sufficient for purposes of the present appeal.

[2] All undesignated statutory references are to the Family Code.

specified distance of, or disturbing the peace of the other party . . . .' (§ 6320, subd. (a)[].)  On appeal, we review the trial court's issuance of a restraining order pursuant to the DVPA for abuse of discretion."  (*Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 723 (*Sabato*).)

On appeal, appellant contends the trial court abused its discretion in granting the DVRO on the basis of "benign conduct that is generally tolerated in relations."  Appellant acknowledges the court found she threatened respondent and his fiancée, but she asserts the court "define[d] the threat as" her asking them " 'nicely' to stop posting pictures of the minor child of the parents on social media."  Not so.  The court observed that was appellant's characterization but did not adopt that view of the evidence.  With respect to the harassment after the July court hearing, the court stated, in reference to appellant's claim that she only "said some curse words and drove off," that it did not "believe that's all that happened."  The trial court had evidence before it that respondent made violent threats and those threats, in addition to other conduct shown by the evidence, were sufficient to support issuance of the DVRO.  (See *Sabato*, *supra*, 242 Cal.App.4th at p. 723; *Nevarez*, *supra*, 227 Cal.App.4th at p. 784; *Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143–1146.)[3]

Appellant also argues "the DVRO exceeded the bounds of what was intended by the DVPA in the granting or denying of a DVRO" because appellant and respondent live in different states.  But, in order to issue a restraining order, the trial court is not required to find a likelihood of future

---

[3] Appellant also references her objection below to admission of Instagram messages on the basis of a lack of foundation.  But she cites no authority the trial court erred in overruling the objection.  Any such contention has been forfeited.  (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 (*Tellez*).)

abuse.  (*Nevarez, supra*, 227 Cal.App.4th at p. 783.)  In any event, the record supports an inference respondent visits California, and the trial court found appellant engaged in abusive conduct remotely "through social media."

Appellant has not shown the trial court abused its discretion.[4]

## DISPOSITION

The trial court's judgment is affirmed.  Costs are awarded to respondent.


SIMONS, J.



We concur.


JACKSON, P. J.
BURNS, J.



(A169418)

---

[4] Appellant contends in her reply brief that the trial court denied her right to due process of law by providing insufficient opportunity for her to provide evidence in opposition to the DVRO.  Although appellant asserted in passing in her opening brief that "[t]he court erred procedurally in rushing through the trial and dismissing witnesses," she did not argue the court violated her right to due process, she did not provide any specifics as to how she had inadequate opportunity to oppose the DVRO, and she failed to cite to any supporting authorities.  Appellant's due process claim has been forfeited. (*Tellez, supra*, 240 Cal.App.4th at p. 1066.)