Filed 12/2/24  Doutherd v. United Parcel Service CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TYRONE DOUTHERD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC. et al.,<br><br>    Defendants and Respondents. | H050702<br>(Yolo County<br>Super. Ct. No. CV20210297) |
| TYRONE DOUTHERD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GABRIELA ESTREADA,<br><br>    Defendant and Respondent. | H0501275<br>(Yolo County<br>Super. Ct. No. CV20210297) |

**I.  INTRODUCTION**

Appellant Tyrone Doutherd was employed by respondent UPS Freight, an alleged subsidiary of respondent United Parcel Service, Inc. (UPS), as a truck driver.  After Doutherd sustained job-related injuries in 2015, he brought an action against UPS and UPS Freight in federal district court alleging numerous claims arising from fraud, discrimination, harassment, and retaliation by UPS and UPS Freight.  (*Doutherd v.*

*Montesdeoca* (E.D.Cal., No. 2:17-cv-02225-MCE-EFB) (*Doutherd I*).) The federal district court granted the defendants' summary judgment motion in a May 5, 2021 order.

Thereafter, Doutherd filed the instant state court action (*Doutherd II*) similarly alleging that defendants UPS Freight and UPS had committed fraud, discrimination, harassment, and retaliation in violation of the Fair Employment and Housing Act, Gov. Code, § 12940 et eq.) and that he had received a right to sue letter from the Department of Fair Employment and Housing. Doutherd also named respondent Gabriela Estrada, a human resources employee, as a defendant.

UPS Freight and UPS filed demurrers to Doutherd's original complaint and first amended complaint, and the trial court ultimately sustained the demurrers without leave to amend and entered a July 27, 2022 judgment and order of dismissal.

In case No. H050702, *Doutherd v. UPS et al.,* Doutherd argues that the trial court erred in determining that his complaints were barred pursuant to the doctrine of res judicata and the exclusive remedy of workers' compensation. For reasons that we will explain, we find no merit in Doutherd's arguments and we will affirm the judgment.

After UPS Freight and UPS were dismissed, respondent Estrada filed demurrers to the first amended complaint and the second amended complaint, which the trial court ultimately sustained without leave to amend. The parties subsequently stipulated to dismissal with prejudice of all claims against Estrada and entry of judgment in favor of Estrada, with preservation of the parties' appellate rights. An order of dismissal and judgment pursuant to the parties' stipulation was filed on May 31, 2023.

In case No. H051275, *Doutherd v. Estrada,* Doutherd argues that the trial court erred because his claims against Estrada were not barred for failure to exhaust administrative remedies and he stated facts sufficient for causes of action for violation of Labor Code sections 98.6, 1102.5 and 6310, the whistleblower statutes. For reasons that

we will explain, we find no merit in Doutherd's arguments and we will affirm the May 31, 2023 order of dismissal and judgment.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Doutherd I*

Doutherd initially brought an action in federal district court against defendant "UNITED PARCEL SERVICE, UPS FREIGHT Division" and several other defendants who are not at issue in the present appeals. According to the allegations in the amended complaint filed on September 13, 2018, the federal action arose from a motor vehicle accident involving Doutherd that occurred in August 2015. Doutherd was driving a loaded truck and trailer for his employer, UPS Freight, when an out-of-control car smashed into the passenger side of the truck. Doutherd alleged that he sustained injuries to his back, left knee, and shoulders as a result of the collision.

Doutherd further alleged that UPS Freight required him to return to work before he was fully healed, failed to advise him of his rights as an injured worker, and failed to timely repair the damage to his truck. Additionally, Doutherd alleged that his manager had refused to allow him to return for further medical treatment and began a course of harassment.

In April 2017 Doutherd filed a complaint with the California Department of Fair Employment and Housing (DFEH) claiming discrimination, retaliation, and denial of reasonable accommodation, and received a right to sue letter.[2] Doutherd alleged that he had experienced further retaliation after filing his DFEH complaint.

---

[1] This court deemed the parties' request to consolidate the appeals in case Nos. H050702 and H051275 to be a request to consider the appeals together for purposes of briefing, oral argument, and disposition, and granted the request.

[2] The 2017 DFEH complaint and right to sue letter were not included in the record on appeal.

Based on these and other allegations, Doutherd asserted several causes of action[3] against UPS Freight in the amended complaint, numbered and captioned as follows: (2) "Fraud;" (3) "Employment Discrimination, Lack of Accommodation;" (4) "Employment Discrimination . . . [,] Harassment and Retaliation;" (5) "Violation of [Age Discrimination in Employment Act];" (7) "Violations of State Statutes;" "Misrepresentation—Retaliation;" and (8) "Employment Discrimination under Federal Law . . . [,] Harassment and Retaliation." (Italics & capitalization omitted.)

The record reflects that the district court granted UPS Freight's motion to strike and struck 33 paragraphs from the first amended complaint that comprised "three to five additional claims" against UPS Freight. UPS Freight then moved for summary judgment on the remaining causes of action, which the district court granted in the October 13, 2020 order, with the exception of the cause of action for Title VII racial harassment.

In the October 13, 2020 summary judgment order, the district court summarily adjudicated ten causes of action against UPS Freight for the following reasons: (1) the fraud cause of action arose from Doutherd's work-related injuries and essentially concerned the handling of his workers' compensation claim, and was therefore barred by the exclusive remedy of California worker's compensation law (Labor Code, § 3601); (2) the cause of action for failure to accommodate lacked merit because there was no evidence that Doutherd was disabled after November 2015 when he submitted a medical note indicating he could return to work without restrictions; (3) the claim for disability discrimination similarly failed because Doutherd provided no evidence of a disability after November 2015; (4) the claim for disability retaliation failed because Doutherd presented no evidence that his requests for accommodation were the cause of any adverse action by UPS Freight; (5) the claim for racial retaliation failed because there was no evidence that Doutherd had suffered an adverse employment action as a result of

_____

[3] The first and sixth causes of actions were alleged against other defendants not at issue in this case.

4

reporting racial discrimination; (6) the claim for racial harassment failed due to the absence of any admissible evidence of racial harassment; (7) the claim for disability harassment failed because Doutherd did not show that he was a qualified individual with a disability after November 2015; (8) the claim for violation of the Age Discrimination in Employment Act was time-barred; (9) the claim for violation of California wage and hour laws was uncertain and lacked evidentiary support; and (10) there is no private right of action for a claim under OSHA [Occupational Health and Safety Administration]. The district court denied the motion for summary judgment as to the claim for Title VII race discrimination because UPS Freight had failed to move for summary judgment of that claim.

UPS Freight then moved for reconsideration of the district court's order denying summary adjudication of the cause of action for Title VII race discrimination, or, in the alternative, judgment on the pleadings. In the May 5, 2021 order the district court denied the motion for reconsideration but granted the motion for judgment on the pleadings, ruling that Doutherd had failed to allege two elements of a cause of action for Title VII race discrimination, satisfactory job performance and how he was treated differently than similarly situated employees who were not part of the same protected class. The district court also denied leave to amend the complaint and ruled that the "case is now closed."

Judgment in accordance with the May 5, 2021 order was entered on May 5, 2021. Doutherd appealed and the judgment was affirmed by the Ninth Circuit Court of Appeals in a memorandum decision. (*Doutherd v. United Parcel Service, Inc.* (9th Cir. Dec. 12, 2022, No. 21-15966) __ F. __ [2022 WL 17582527].) Doutherd's petition for a writ of certiorari to the United States Supreme Court was denied. (*Doutherd v. United Parcel Service, Inc.* (2023) __ U.S. __ [144 S. Ct. 131].)

**B.  *2020 DFEH Complaint***

The record includes a verified DFEH complaint naming UPS as the sole respondent, which Doutherd signed and dated September 21, 2020 (2020 DFEH

5

complaint).  The complaint states that UPS retaliated against Doutherd on or before April 15, 2020, because he had requested or used a disability-related accommodation and had reported or resisted discrimination and harassment.

The "[p]articulars" that Doutherd stated in support of the 2020 DFEH complaint included UPS's April 15, 2020 letter advising him that UPS had no positions for which he was qualified or capable of performing; UPS's failure to offer a reasonable position with accommodation for his work-related injuries; UPS's wrongful termination of his employment effective January 3, 2020; UPS's failure to help Doutherd reinstate his driving endorsements; and UPS's placement of a hold on his retirement account.

Along with the complaint, DFEH provided Doutherd with a right to sue letter dated September 21, 2020.

### C. *Douthard II*

#### 1. Original Complaint

After judgment was entered in Doutherd's federal district court action, *Doutherd I*, Doutherd brought the instant state court action in Yolo County Superior Court.[4]  The original verified complaint was filed in February 2021 and named as defendants UPS Freight, UPS, Gabriela Estrada, and four other individual defendants not at issue in the present appeals.  Doutherd alleged that UPS Freight was his employer and "is a wholly owned subsidiary of United Parcel Service, Inc."

Similar to the allegations in his federal action, Doutherd alleged that he was injured in August 2015 while driving a truck and trailer that belonged to his employer, UPS Freight.  Doutherd's last day at work for UPS Freight was June 7, 2018, when he allegedly sustained another job-related injury.  In March 2020 Doutherd submitted a

---

[4] Doutherd's appeals in this matter were originally filed in the Court of Appeal, Third Appellate District which requested transfer to another appellate district because Doutherd's relative is employed by the Court of Appeal, Third Appellate District.  The California Supreme Court ordered transfer to this court.

complaint of discrimination and retaliation to the DFEH and received a right to sue letter dated October 9, 2020. Doutherd stated that he "is suing under the 10/09/20 Right to Sue letter."

According to Doutherd, his claims of discrimination and retaliation in his 2020 DFEH complaint included UPS blocking access to his retirement account. Additionally, Doutherd alleged that Estrada, a UPS human resources "policy maker," sent Doutherd "sham" job invites and threatened him with termination if he did not accept a "sham" position. UPS had also allegedly failed to provide Doutherd with medical coverage since 2018; blocked him from receiving unemployment benefits; and made a false lien claim on his workers' compensation proceeds and insurance settlement. Doutherd also alleged that his manager had denied him access to information about his workers' compensation claims and UPS had a practice of concealing workplace injuries and misinforming employees regarding their rights in violation of OSHA.

While Doutherd was working for UPS Freight as a truck driver, he allegedly was subjected to racist comments in a hostile workplace, which included giving him unbalanced loads or misloads and unfair scheduling. Doutherd believed that UPS Freight was retaliating against him in violation of the Labor Code for commencing his federal lawsuit; for reporting violations of the Americans with Disabilities Act, state wage and hour laws, and workers' compensation laws; and for seeking accommodation for his disabilities. Doutherd allegedly suffered adverse employment actions as a result, including false "write ups," unfair work assignments, and wrongful termination.

Doutherd further alleged that UPS had refused to provide him with reasonable accommodation after his 2015 accident. UPS also refused to return him to work after a physician released him to work without restrictions in 2019, and refused to accommodate other medical advice that he not lift over 50 pounds. Due to wrongdoing by UPS, Doutherd also allegedly lost his license to drive commercial trucks. Further, Estrada allegedly informed Doutherd that UPS had no positions for which he was qualified or

capable of performing. Although Estrada later offered Doutherd a position, Doutherd asserted there was no job description for that position. According to Doutherd, Estrada wrongfully terminated him on April 15, 2020. Doutherd also claimed that UPS had cancelled his medical insurance.

Further, Doutherd alleged that UPS interfered with his medical treatment following his 2015 and 2018 workplace injuries by conspiring with the workers' compensation carrier to delay and deny medical treatment, by requiring treatment by substandard medical care providers, and by altering or fabricating his medical records.

Based on these and other allegations, Doutherd asserted the following causes of action as captioned in the original complaint: (1) "Wrongful/Constructive Termination;" (2) "Racial Discrimination by UPS Freight;" (3) "Fraud By Employer UPS Freight;" (4) "Employment Discrimination by UPS Freight Harassment and Retaliation;" (5) "Additional Specific Acts of Employment Discrimination by UPS [Freight];" (6) "Employment Discrimination, Lack of Accommodation by UPS Freight;" (7) "Medical Discrimination and Retaliation Claims; Employer Negligence;" and (8) "Violations of State Statutes by UPS [Freight] and UPS." (Italics and capitalization omitted.)

## 2. Demurrer to Original Complaint

Defendants UPS Freight and UPS filed demurrers to the original complaint, which were not included in the record on appeal. The record also lacks Doutherd's opposition to the demurrers. According to the reply brief included in the record, defendants argued that Doutherd's claims were previously adjudicated by the federal district court in *Doutherd I* and were therefore barred under the doctrine of res judicata.

Alternatively, defendants argued that Doutherd had failed to state a claim against UPS as the parent company; failed to exhaust his administrative remedies regarding his claims of discrimination and retaliation by including those claims in his DFEH complaint; the claims relating to his workplace injuries were barred by the exclusive

8

remedy of workers' compensation (Lab. Code, § 3201 et seq.); the fraud allegations were not sufficiently specific; and the claims for violation of state statutes did not identify any state statutes that were allegedly violated.

**3. January 21, 2022 Order Sustaining Demurrers to Original Complaint**

In the January 21, 2022 order after hearing, the trial court adopted its tentative ruling sustaining the demurrers of defendants UPS Freight and UPS without leave to amend as to the second through eighth causes of action, which the court identified as "racial discrimination; fraud by employer UPS Freight (concealment and misrepresentation); employment discrimination by UPS Freight, harassment and retaliation; additional specific acts of employment discrimination by UPSF, harassment and retaliation after filing 2017 complaint; employment discrimination, lack of accommodation by UPS Freight; medical discrimination and retaliation claims, employer negligence; and, violations of state statutes by UPS [Freight] and UPS." The court determined that these causes of action were barred under the doctrine of res judicata based on the judgment entered in *Doutherd I*, since the causes of action were either identical to or addressed the same primary rights as the causes of action in the amended complaint in *Doutherd I*.

The trial court also sustained the demurrer of UPS Freight to the first cause of action for wrongful/constructive termination with leave to amend, finding that Doutherd had failed to exhaust administrative remedies as to that cause of action since UPS Freight was not named in Doutherd's 2020 DFEH complaint. Although the trial court also found that the complaint failed allege facts sufficient for the first cause of action against UPS as the employer, the court sustained UPS's demurrer with leave to amend.

Defendants' demurrers to the seventh cause of action for "Medical Discrimination and Retaliation Claims; Employer Negligence" were sustained without leave to amend on the ground of failure to exhaust administrative remedies. The trial court determined that

9

Doutherd had failed to include these claims or reasonably related claims in his 2020 DFEH complaint. Additionally, the court determined that Doutherd had again failed to state facts sufficient for a cause of action against UPS as his employer.

Finally, the trial court sustained UPS's demurrer to the eighth cause of action for violation of state statutes with leave to amend, finding that the allegations were uncertain since Doutherd failed to identify any state statutes that UPS allegedly violated.

### 4. First Amended Complaint

The record reflects that Doutherd filed a first amended complaint, which was not included in the record. According to the trial court's June 8, 2022 order, the first amended complaint included a first cause of action for wrongful/constructive termination against UPS Freight; a second cause of action for medical discrimination and retaliation against UPS; and a third cause of action against UPS for Fair Employment and Housing Act (FEHA) violations (Gov. Code, § 12940 et seq.) against UPS.

The record also reflects that UPS Freight and UPS filed demurrers to the first amended complaint, which were not included in the record. Doutherd's opposition to the demurrers was also not included in the record. The reply brief of UPS Freight and UPS that was included in the record indicates that they argued that the demurrers to all three causes of action in the first amended complaint should be sustained without leave to amend.

Since the first amended complaint did not include any allegations against UPS Freight, UPS Freight argued in its reply brief that Doutherd had abandoned his claims against UPS Freight. UPS explained that Doutherd had merely substituted UPS in place of UPS Freight in the allegations of the first amended complaint, and therefore he failed to allege facts sufficient to show that UPS was his employer. Alternatively, UPS Freight and UPS argued that the doctrine of res judicata again applied to bar Doutherd's claims in the first amended complaint due to the prior judgment in *Doutherd I*.

10

### 5. June 8, 2022 Order Sustaining Demurrers to First Amended Complaint

In the June 8, 2022 order, the trial court sustained the demurrers of UPS Freight and UPS without leave to amend. Since the first amended complaint did not include any causes of action against UPS Freight, the court determined that dismissal of UPS Freight was warranted.

As to UPS, the trial court sustained UPS's demurrer to the second cause of action for medical discrimination and retaliation without leave to amend because Doutherd had failed to exhaust administrative remedies by including these allegations or reasonably related allegations in his verified 2020 DFEH complaint. The trial court also sustained without leave to amend UPS's demurrers to the first cause of action for wrongful/constructive termination and the third cause of action for violations of FEHA, since in the first amended complaint Doutherd had substituted UPS in place of UPS Freight in allegations that were made in the original complaint solely against UPS Freight. The court also determined that Doutherd had failed to allege facts sufficient to show that UPS was his employer, in the absence of any allegations that UPS and UPS Freight acted as an integrated enterprise or UPS Freight was merely the agent or instrumentality of UPS.

The July 27, 2022 judgment and order of dismissal in favor of defendants UPS Freight and UPS also orders that Doutherd take nothing from these defendants.

### 6. Defendant Estrada's Demurrers to the First Amended Complaint

After UPS and UPS Freight were dismissed, defendant Estrada filed demurrers to the first amended complaint. Estrada argued that the entire complaint should be dismissed because none of the three causes of action were alleged specifically against her as an individual. Estrada pointed out that the first and third causes of action were alleged against UPS only, and the second cause of action for medical discrimination and

retaliation failed because non-employer individuals cannot be held liable for discrimination and retaliation.

Additionally, Estrada argued the demurrer to second cause of action for medical discrimination and retaliation should be sustained because Doutherd had failed to timely exhaust his administrative remedies under FEHA; the factual allegations were insufficient; and the claims were barred by the exclusive remedy of workers' compensation and/or the doctrine of res judicata due to the prior adjudication of these claims in *Doutherd I*.

In opposition to Estrada's demurrers, Doutherd rejected all of Estrada's arguments and contended that Estrada could be held personally liable for harassment and Labor Code violations, the exclusive remedy of workers' compensation did not apply to his claims against her, and issue preclusion did not apply because the rulings in *Doutherd I* did not address identical issues.

### 7. Order on Estrada's Demurrers to First Amended Complaint

The record lacks a file-endorsed order ruling on Estrada's demurrers to the first amended complaint. However, the record includes a December 15, 2022 tentative ruling, which indicates that the trial court had tentatively ruled that: (1) Estrada's demurrer to the first cause of action for wrongful/constructive termination was sustained without leave to amend because the cause of action was brought solely against UPS and could not be maintained against Estrada as an individual/non-employer defendant; (2) Estrada's demurrer to the second cause of action for medical discrimination and retaliation was sustained without leave to amend because the 2020 DFEH complaint did not name Estrada; and (3) Estrada's demurrer to the third cause of action for violation of state statutes was sustained with leave to amend because the cause of action was brought solely against UPS and failed to allege facts that would allow Estrada to held liable as an individual/non-employer defendant. The trial court further ruled that Doutherd had not shown that amendments to the first amended complaint would cure the defects.

12

### 8. Second Amended Complaint

Doutherd then filed a second amended complaint naming as defendants Estrada and three other individual defendants not at issue in the present appeals. As to Estrada, Doutherd asserted one cause of action for harassment, alleging that Estrada was an "employee" of UPS in the human resources department.

In the cause of action for harassment, Doutherd included a lengthy list of alleged wrongdoing by Estrada, summarized as follows: (1) illegally withholding his personnel records; (2) cancelling, reinstating, and cancelling his medical insurance; (3) providing false information to the Employment Development Department regarding his employment status that caused him to lose unemployment benefits: (4) refusing to return him to a driving position after he was released to work in 2019 by the workers' compensation evaluator; (5) refusing to accommodate his disabilities and his medical condition after January 2020; (6) preventing him from renewing the Class A driver's license so he was no longer permitted to drive commercial vehicles; (7) "informally terminat[ing]" Doutherd when his attorney was not allowed to attend a January 2020 Zoom meeting with Estrada to discuss his required accommodation; (8) Doutherd was again "informally terminated" by Estrada by her April 2020 letter informing him there was no position for which he was qualified; (9) after Doutherd was terminated, Estrada withheld final pay, "COBRA rights," and release of his 401(k) funds; (10) advising the workers' compensation insurance provider to harass him; (11) instructing a medical provider not to refer him to a neurologist; (12) editing and falsifying his medical records; (13) interrogating fellow employees and turning them against him; (14) releasing his medical records without proper authorization; and (15) doing nothing after Doutherd brought Estrada his complaints of racial discrimination.

Doutherd also alleged that Estrada was personally liable for violations of the Labor Code, including retaliatory discharge (Lab. Code, § 98.6, subd. (a)) and discriminatory firing (Lab. Code, § 6310, subd. (a).) Additionally, Doutherd alleged that

13

Estrada's harassment of him violated numerous provisions of FEHA, Government Code section 12940 et seq. Although Doutherd alleged that Estrada also violated Labor Code section 1102.5 (retaliation for engaging in protected activity), he did not include any express factual allegations in support of that claim.

### 9. Estrada's Demurrer to the Second Amended Complaint

Estrada filed a demurrer to the second amended complaint, contending that the demurrer to the cause of action for harassment should be sustained without leave to amend for several reasons. Primarily, Estrada argued that the second amended complaint exceeded the scope of the trial court's order granting leave to amend the third cause of action for violation of state statutes because the second amended complaint had abandoned that cause of action and instead included a new cause of action for harassment for which leave to amend was not granted. For that reason, Estrada contended that the second amended complaint should be struck.

Alternatively, Estrada argued that even if the cause of action for violation of state statutes was not abandoned, Doutherd failed to state facts sufficient for that cause of action because Labor Code sections 98.6, 1102.5, and 6310 do not create a private right of action against individuals.

Estrada also argued that the demurrer to the cause of action for harassment should be sustained on the alternative grounds that Doutherd had failed to exhaust administrative remedies since Estrada was not named in the 2020 DFEH complaint; the allegations are insufficient for a cause of action for harassment because personnel management actions do not constitute harassment; Doutherd merely substituted Estrada in the allegations previously asserted against UPS Freight; and the claims against Estrada are barred under the doctrine of res judicata because Doutherd now claims Estrada is responsible for acts that he previously alleged against UPS Freight in *Doutherd I*.

14

**10. Doutherd's Opposition to the Demurrer to the Second Amended Complaint**

In his opposition, Doutherd contended that the doctrine of res judicata did not bar his claims against Estrada because those claims were not adjudicated in *Doutherd I*. Doutherd also argued that a private right of action against an individual under Labor Code section 1102.5 is authorized by the language prohibiting retaliation by "any person acting on behalf of the employer" in Labor Code section 1102.5 as amended. Further, Doutherd contended that Labor Code sections 98.6 and 6310 must be construed to authorize a private right of action for harassment against Estrada as an individual, and exhaustion of DFEH remedies is not required for Labor Code violations. Alternatively, Doutherd argued that the second amended complaint stated facts sufficient for a harassment cause of action.

**11. February 28, 2023 Order Sustaining Demurrer to Second Amended Complaint and Judgment**

In the February 28, 2023 tentative ruling the trial court sustained Estrada's demurrer to the second amended complaint without leave to amend. The trial court determined that Doutherd had failed to exhaust administrative remedies because Estrada was not named in the verified 2020 DFEH complaint. Although the trial court granted Doutherd's request for judicial notice of his handwritten submission to DFEH naming Estrada as a co-respondent, the court ruled that unverified submissions to DFEH are not sufficient to exhaust administrative remedies. Leave to amend was denied because Doutherd had not shown that amendment could cure the defect. In the May 3, 2023 minute order the trial court adopted its tentative ruling denying Doutherd's motion for reconsideration of the February 28, 2023 order.

The parties subsequently stipulated to dismissal with prejudice of all claims against Estrada and entry of judgment in favor of Estrada, with preservation of the

parties' appellate rights. An order of dismissal and judgment pursuant to the parties' stipulation was filed on May 31, 2023.

## III. DISCUSSION

On appeal, we understand Doutherd to argue that the trial court erred in sustaining all of the defendants' demurrers without leave to amend because he stated viable causes of action against defendants UPS Freight, UPS, and Estrada in his complaints. We will begin our analysis with the applicable standard of review.[5]

### A. *Standard of Review*

On appeal from an order of dismissal after a demurrer is sustained without leave to amend, our review is de novo. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 (*Committee for Green Foothills*).) In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).) Further, "we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) But we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, at p. 6.)

We also consider matters that may be judicially noticed and facts appearing in any exhibits attached to the complaint. (Code Civ. Proc., § 430.30, subd. (a); *Schifando*, *supra*, 31 Cal.4th at p. 1081.) After reviewing the allegations of the complaint, the complaint's exhibits, and the matters properly subject to judicial notice, we exercise our independent judgment as to whether the complaint states a cause of action as a matter of

---

[5] In case No. H050702, appellant's request for judicial notice of three documents relating to or filed in *Doutherd I* is denied as irrelevant. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["any matter to be judicially noticed must be relevant to a material issue"].) Respondents' motion for judicial notice of documents filed in *Doutherd I*, Doutherd's 2020 DFEH complaint, and an excerpt of legislative history is granted. (Evid. Code, § 452, subd. (d)(2) [court records] and subd. (c) [official acts].)

law.  (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 (*Moore*).)  In doing so, we are mindful that "[i]n the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."  (Code Civ. Proc., § 452.)

## B. *H050702 Douthard v. UPS Freight and UPS*

### 1. UPS Freight

In his opening brief, Doutherd argues that the trial court erred in dismissing UPS Freight because he alleged the elements of a cause of action for racial discrimination. Doutherd also concludes, without record citation, that "Defendant UPS Ground Freight, Inc., Had Primary Liability In at Least Four Causes Of Action In The Initial Complaint and All Causes of action in the Second Amended Complaint."  (Bold omitted.)  Although Doutherd did not make any other arguments specifically addressing UPS Freight in his opening brief, we understand Doutherd to generally contend that the trial court erred in applying the doctrine of res judicata and the exclusive remedy of workers' compensation to bar his claims.  Doutherd also asserts that the trial court failed to address his claims of Labor Code violations.

UPS Freight responds that the doctrine of res judicata applies to bar Doutherd's claims against UPS Freight because Doutherd asserted the same primary rights in *Doutherd I* and the present state court action.  Additionally, UPS Freight contends that Doutherd abandoned his wrongful termination cause of action by omitting it from the first amended complaint.

At the outset, we must determine whether the issues raised by Doutherd regarding UPS Freight are cognizable on appeal, and whether Doutherd has met his burden as an appellant as to those issues.

As the California Supreme Court has stated, "it is a fundamental principle of appellate procedure that a trial court judgment [or appealable order] is ordinarily presumed to be correct."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).)

17

" 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Any ambiguities in the record are resolved in favor of affirmance of the judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) It is the appellant's burden to overcome the presumption of correctness by demonstrating reversible error through an adequate record. (*Jameson*, *supra*, at p. 609.)

" ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] "Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. omitted.)

In the present case, the trial court in the June 8, 2022 order sustained the demurrer of UPS Freight without leave to amend because the first amended complaint did not include any causes of action against UPS Freight. Since the record on appeal lacks copies of the first amended complaint, the demurrers to the first amended complaint, and Doutherd's opposition to the demurrers, Doutherd has failed to meet his burden to provide an adequate record for our independent review of the trial court's June 8, 2022 order. (See *Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 42; *Jameson*, *supra*, 5 Cal.5th at p. 609.) We may therefore resolve the issue of whether Doutherd stated a viable claim against UPS Freight in the first amended complaint in favor of UPS Freight without further analysis. (See *Jameson*, *supra*, at p. 609.)

However, even assuming that the first amended complaint did not allege any cause of action against UPS Freight, as found by the trial court, we determine that the trial court

did not err in sustaining UPS Freight's demurrer to the first amended complaint without leave to amend and entering judgment in favor of UPS Freight, based on well established rules of civil procedure.

"The names of all parties to a civil action must be included in the complaint. (Code Civ. Proc., § 422.40.)" (*Department of Fair Employment & Housing v. Superior Court* (2022) 82 Cal.App.5th 105, 109.) "It has long been the rule that an amended complaint that omits defendants named in the original complaint operates as a dismissal as to them. [Citations.]" (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1142 (*Fireman's Fund*).) Moreover, it is also "well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. [Citations.]" (*Meyer v. State Bd. of Equalization* (1954) 42 Cal.2d 376, 384.)

Accordingly, we determine that the first amended complaint superseded the original complaint in this matter, and consequently the omission of UPS Freight as a named defendant in the first amended complaint operated as a dismissal of UPS Freight. (See *Fireman's Fund*, *supra*, 114 Cal.App.4th at p. 1142.) We therefore conclude that the trial court did not err in sustaining the demurrer of UPS Freight to the first amended complaint and entering the July 27, 2022 judgment and order dismissing UPS Freight.

### 2. UPS

The trial court sustained the demurrers of UPS to the first amended complaint without leave to amend on the grounds (1) Doutherd had failed to exhaust administrative remedies with respect to the second cause of action because his allegations of medical discrimination and retaliation were not included in included in his 2020 DFEH complaint; (2) the first cause of action for wrongful/constructive termination and the third cause of action for violations of FEHA failed because in the first amended complaint Doutherd had substituted UPS in place of UPS Freight in allegations that were made in the original complaint solely against UPS Freight; and (3) Doutherd failed to allege facts sufficient to

19

show that UPS was his employer in the absence of any allegations that UPS and UPS Freight acted as an integrated enterprise or UPS Freight was merely the agent or instrumentality of UPS.

On appeal, we understand Doutherd to generally argue that the trial court erred because his submissions to DFEH regarding UPS's wrongdoing were sufficient to exhaust his administrative remedies and his allegations that UPS has primary liability as the parent company were sufficient to allege that UPS was his employer. UPS contends that the trial court did not err in dismissing UPS because, among other things, Doutherd failed to allege facts sufficient to show that UPS was his employer, since absent an employment relationship UPS cannot be held liable as to any of the three causes of action in the first amended complaint. We agree.

Specific allegations are required to state a viable claim against a parent company. "An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law. Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result. [Citations.] In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees. [Citation.]" (*Laird v. Capital Cities/ABC, Inc*. (1998) 68 Cal.App.4th 727, 737 (*Laird*), disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 524.)

" 'The critical question is, "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" [Citation.] . . . To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary. [Citations.]' [Citation.]" (*Laird*, *supra*, 68 Cal.App 4th at p. 738.)

However, we need not determine whether the allegations in the first amended complaint stated facts sufficient to show that UPS was Doutherd's employer because we again find that Doutherd has not provided a record that is adequate for our independent

review. As we have noted, our Supreme Court has instructed that " '[the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. omitted.)

Since Doutherd has failed to include in the record on appeal the first amended complaint, we are not able to review the sufficiency of the allegations regarding UPS in the first amended complaint. Accordingly, we determine without further analysis that Doutherd's allegations in the first amended complaint were not sufficient to state a viable claim against UPS as Doutherd's employer. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.) We therefore conclude that the trial court did not err in sustaining UPS's demurrers to all three causes of action in the first amended complaint on that ground.

## C. *H051275 Doutherd v. Estrada*

In the February 28, 2023 tentative ruling the trial court sustained Estrada's demurrer to the second amended complaint, which included a single cause of action for harassment, without leave to amend. The trial court determined that Doutherd had failed to exhaust administrative remedies because Estrada was not named in the verified 2020 DFEH complaint.

On appeal, Doutherd contends that the trial court erred because Estrada was named in the Doutherd's filings with the DFEH and the court disregarded Doutherd's allegations of Labor Code violations. Estrada responds that the trial court correctly found that Doutherd had failed to exhaust his administrative remedies because she was not named in the 2020 DFEH complaint. Estrada also argues that no individual liability exists for violations of Labor Code sections 98.6, 1102.5, and 6310.

We agree that Doutherd failed to exhaust his administrative remedies with respect to his cause of action for harassment in violation of FEHA, Government Code section 12940, subdivision (j)(1). "An employee who wishes to file suit under the FEHA 'must exhaust the administrative remedy provided by the statute by filing a complaint

21

with the' DFEH, 'and must obtain from the [DFEH] a notice of right to sue.' [Citation.] 'The timely filing of an administrative complaint' before the DFEH 'is a prerequisite to the bringing of a civil action for damages.' [Citation.]" (*Pollock v. Tri-Modal Distribution Services, Inc*. (2021) 11 Cal.5th 918, 931.)

An employee fails to exhaust administrative remedies against an individual defendant, and is therefore precluded from bringing a civil FEHA action against that defendant, where the defendant was not named in either the caption or the body of the verified DFEH complaint. (*Alexander v. Community Hospital of Long Beach* (2020) 46 Cal.App.5th 238, 251; *Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1511 (*Cole*) [same].) "Further, section 12960 mandates the filing of a 'verified complaint in writing' naming all persons alleged to have discriminated against the complainant. The statute does not authorize any alternative to the requirement of the filing of a 'verified complaint in writing.' Moreover, it would not be practical to allow an employee to substitute unverified information relayed to the DFEH in correspondence, or orally, for a formal administrative charge. The requirement of a 'verified complaint in writing' ensures that all interested parties are on notice as to the substance of the allegations." (*Cole*, *supra*, at p. 1515.)

Our review of the 2020 DFEH complaint shows that Estrada was not named in either the caption or the body of the complaint. Therefore, Doutherd failed to exhaust his administrative remedies against Estrada. (See *Cole*, *supra*, 47 Cal.App.4th at p. 1511.) Doutherd's contention that he exhausted administrative remedies by naming Estrada in his judicially noticed pre-complaint filings with DFEH is not persuasive because the filings constitute "unverified information relayed to the DFEH in correspondence," which is insufficient. (See *id.* at 1515.)

Regarding the alleged Labor Code violations, we are also not persuaded by Doutherd's argument that the trial court erred by disregarding his claims of Labor Code violations in the second amended complaint, since we exercise our independent judgment

as to whether the complaint states a cause of action as a matter of law. (See *Moore*, *supra*, 51 Cal.3d at p. 125.)

"Both Labor Code sections 98.6 and 1102.5, subdivision (b) prohibit an employer from discriminating or retaliating against an employee for filing a complaint or disclosing information about a safety violation. Labor Code section 6310 protects an employee from discharge or other discrimination by the employer for filing a complaint about workplace safety." (*St. Myers v. Dignity Health* (2019) 44 Cal.App.5th 301, 311.) These statutes have been described as whistleblower statutes. (See, e.g., *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 324.) Similarly, Labor Code section 1102.5 has been described as "a whistleblower statute, the purpose of which is to 'encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 287.)

Estrada contends that she cannot be held personally liable for violating Labor Code sections 98.6, 1102.5, or 6310 as an individual non-employer. According to Doutherd, Estrada is a "person" expressly liable under the whistleblower statutes and is therefore liable as an individual for harassing him due to his whistleblowing while employed by UPS Freight. However, Doutherd has not provided any authority for his conclusory assertion that an individual human resources employee may be held liable for violation of Labor Code sections 98.6, 1102.5 and 6310.

"An appellant has the burden to demonstrate reversible error with reasoned argument and citation to authority. [Citations.] When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited. [Citation.]" (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.) Since Doutherd has failed to support his contention that Estrada may be held liable as an individual non-employer for violation of Labor Code sections 98.6, 1102.5 and 6310 with reasoned argument and citations to authority, we determine that he has forfeited the issue. (See *ibid.*)

We therefore conclude that the trial court did not err in sustaining Estrada's demurrer to the second amended complaint without leave to amend. Having also concluded that the trial court did not err in dismissing UPS Freight and UPS after sustaining their demurrers to the first amended complaint without leave to amend, we will affirm the July 27, 2022 order of dismissal and judgment and the May 31, 2023 order of dismissal and judgment.

## IV. DISPOSITION

In case No. H050702 the July 27, 2022 judgment and order of dismissal in favor of defendants UPS Freight and UPS is affirmed. Costs on appeal are awarded to respondents.

In case No. H051275 the May 31, 2023 order of dismissal and judgment is affirmed. Costs on appeal are awarded to respondent.

24

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
DANNER, J.


_____
WILSON, J.


*Doutherd v. United Parcel Service, Inc. et al.*
**H050702**
*Doutherd v. Estrada*
**H051275**