Filed 7/14/25  P. v. Rogers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEVIN ROGERS,<br><br>　　　Defendant and Appellant. | H051251<br>(Monterey County<br>Super. Ct. No. SS110099B) |

Defendant Kevin Rogers was sentenced to 63 years in prison in 2014 after pleading no contest to various offenses including two counts of voluntary manslaughter. In 2023, he petitioned for resentencing under Penal Code section 1172.6.  The trial court vacated one of his manslaughter convictions as well as a corresponding sentencing enhancement, and he was resentenced to 54 years in prison.  On appeal, he argues he received ineffective assistance of counsel in the resentencing proceeding.  As we will explain, we see no ineffectiveness on this record and will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

In 2011, defendant was charged in case No. SS110022A with possessing a loaded firearm in a vehicle (Pen. Code, § 12031, subd. (a)(1); unspecified statutory references are to the Penal Code); possessing a firearm as a convicted felon (§ 12021, subd. (a)(1)); driving or taking of a vehicle without consent (Veh. Code, § 10851, subd. (a)); receiving or concealing stolen property (§ 496, subd. (a)); possessing a concealed firearm in a vehicle (§ 12025, subd. (a)(1)); active participation in a criminal street gang (§ 186.22,

subd. (a)); and resisting or obstructing a peace officer (§ 148, subd. (a)(1)). It was alleged that defendant committed the offenses for the benefit of a criminal street gang; had served a prior prison term; had been convicted of a prior serious or violent felony; and had been convicted of a prior strike. According to the record from the direct appeal, of which we have taken judicial notice at defendant's request, the charges stemmed from an encounter in which defendant was in a car with his then-girlfriend, fled when approached by police, and left a loaded gun behind in the car. Both the car and the gun were identified as stolen.

In 2013, defendant was charged in case No. SS110099B with murder (§ 187, subd. (a)); active participation in a criminal street gang (§ 186.22, subd. (a)); conspiracy to commit murder (§ 182, subd. (a)(1)); dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); solicitation of murder (§ 653f, subd. (b)); and voluntary manslaughter (§ 192, subd. (a)). It was alleged that defendant had committed those offenses for the benefit of a criminal street gang; had been convicted of a prior serious felony; and had a prior strike conviction. The murder, gang participation, and manslaughter charges arose from a December 2010 incident in which defendant "stood by as backup" while a codefendant shot and killed the 18-year-old victim in retaliation for an earlier shooting. The conspiracy, witness dissuasion, and solicitation charges were based on a recorded jail call in which defendant made statements suggesting a plan to kill his then-girlfriend.

Also in 2013, defendant was charged with murder (§ 187, subd. (a)) and voluntary manslaughter (§ 192, subd. (a)) in case No. SS130495A. It was alleged that defendant committed the offenses for the benefit of a criminal street gang; personally discharged a firearm at a vehicle causing death; and had a prior strike conviction. According to the record in that case, defendant and the victim were involved in a dispute regarding cocaine that defendant had sold to the victim. The victim was unhappy with the cocaine and wanted a refund, which defendant was unable to provide as a "middle man" in the transaction. Defendant was also upset that the victim had insulted defendant's girlfriend.

2

On the day of the crime, defendant spoke with the victim on the phone and asked him to meet at an apartment building for his refund. When the victim arrived, defendant killed him with multiple gunshots to the face, chest, and arms.

All three cases were resolved in a single negotiated disposition. Defendant pleaded no contest to voluntary manslaughter and admitted the gang, firearm, and prior conviction allegations in case No. SS130495A; he pleaded no contest to voluntary manslaughter and solicitation of murder and admitted the prior conviction allegations in case No. SS110099B; and he pleaded no contest to possession of a loaded firearm and admitted a gang allegation in case No. SS110022A. Consistent with the terms of the negotiated disposition, defendant received a stipulated sentence of 63 years in prison (composed of 22 years for voluntary manslaughter with 10-year gang and firearm enhancements for a total term of 42 years in case No. SS130495A; a consecutive 12-year sentence for solicitation of murder, a consecutive four-year sentence for voluntary manslaughter, and a five-year prior serious felony enhancement for a total consecutive term of 21 years in case No. SS110099B; and a concurrent three-year sentence for possessing a loaded firearm plus a three-year gang enhancement for a total concurrent term of six years in case No. SS110022A). All other charges and allegations were dismissed or stricken.

Defendant agreed as part of the negotiated plea that he would "be responsible for any restitution" associated with the dismissed counts. He also entered a waiver allowing the trial court to "consider the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations or cases when granting probation, ordering restitution, or imposing sentence." (See *People v. Harvey* (1979) 25 Cal.3d 754, 758 (*Harvey*) [dismissed charges may not be used to impose sentencing consequences unless the defendant waives that right]; § 1192.3.) The court imposed restitution fines of $10,000 in case No. SS130495A, $10,000 in case No. SS110099B, and $1,800 in case No. SS110022A. The court also ordered restitution of $9,500 in case No. SS110099B

3

and $7,500 in case No. SS130495A to the California Victim Compensation Board; $396.60 to the mother of the manslaughter victim in case No. SS130495A; and ordered further restitution in all three cases to the victims or their families in amounts later to be determined.

In 2023, defendant petitioned for resentencing under section 1172.6 (formerly section 1170.95). The prosecution initially opposed the petition. After the trial court found defendant had stated a prima facie case for relief, the prosecution conceded that the manslaughter conviction and prior conviction enhancement in case No. SS110099B should be vacated. The prosecution proposed a new sentence of 54 years, reflecting the original 63 years less the four-year sentence for the vacated manslaughter conviction and the associated five-year prior serious felony conviction enhancement.

At a hearing on the resentencing petition, the prosecutor raised the possibility that the concurrent sentence in case No. SS110022A could be modified to a consecutive sentence given the change in circumstances. Defense counsel responded that he was in agreement with the prosecution's proposed sentence of 54 years but that, if the trial court instead elected to impose a consecutive sentence in case No. SS110022A, defendant should be afforded a full resentencing hearing. Consistent with the parties' agreement, the trial court resentenced defendant to 54 years and left all fines and fees unchanged.

Defendant filed a timely notice of appeal. Attached to the notice of appeal is a request for a certificate of probable cause containing the following handwritten note: "I'm requesting relief on grounds of ineffective assistance of counsel. I was back in the Superior Court of California, Monterey County for resentencing and I asked the attorney who was appointed to represent me if he was willing to make an argument on my behalf to get the unlawful enhancements on one of my cases vacated. I also requested to see if he could have my restitution waived. He told me no to both requests. The judge was willing to look at the enhancements and restitution because she asked my public defender if he wanted to address those impositions and how much time would he need in order to

4

do so. My public defender declined. Because the judge did not ask me if I had anything to say, I was not afforded an opportunity to address the court. I had explained to my public defender that my sentence on case [No.] SS110099B affected how I was sentenced on a separate case, (case [No.] SS130495A) which if resentenced under today's law the courts cannot impose those enhancements. Since I had part of case [No.] SS110099B vacated, it should have allowed for my enhancements in case [No.] SS130495A to be stricken as well. Furthermore, I should not have been made to continue paying the fines and restitution fees on charges that now do not exist, as they have been vacated. *Harris v. Superior Court* (2016) 1 Cal.5th [984] held that it is permiss[i]ble and expected that new laws and reforms modify the terms of an existing plea agreement."

## II.    DISCUSSION

Defendant contends his counsel at resentencing was ineffective for: failing to request vacatur of the restitution order associated with his vacated manslaughter conviction; request vacatur of the gang enhancements based on Assembly Bill No. 333 (2021–2022 Reg. Sess.) and its amendments to section 186.22; and request a full resentencing hearing at which the applicability of other ameliorative legislation could be considered. Based on possible tactical explanations for counsel's choices on this record, we reject defendant's contention.

To establish ineffectiveness of counsel in violation of a defendant's right to counsel under the Sixth Amendment to the United States Constitution, the defendant must show both deficiency in counsel's performance and prejudice from the deficiency. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) Deficient performance is rarely shown if there was a tactical reason for counsel's conduct. (See *People v. Cruz* (1980) 26 Cal.3d 233, 255–256 ["except in rare cases, an appellate court should not attempt to second-guess trial counsel as to tactics"]; *People v. Bolin* (1998) 18 Cal.4th 297, 317 [affirming conviction where alleged failure to object "may well have been 'an informed tactical choice within the range of reasonable competence' "].)

5

The record reflects defense counsel may have intentionally refrained from requesting the full resentencing hearing defendant now requests, likely to preclude resentencing to *more* than 54 years. After the prosecutor suggested to the court that it could impose a consecutive sentence in case No. SS110022A following vacatur of the manslaughter conviction in case No. SS110099B, defendant's counsel advocated that defendant should in that event be afforded a full resentencing hearing to allow other changes to the aggregate sentence to be considered. Both parties then confirmed their agreement to the stipulated sentence of 54 years. Had counsel formally requested full resentencing in an attempt to further reduce defendant's sentence, that strategy may have resulted in a consecutive term in case No. SS110022A and a sentence longer than 54 years.

Defendant suggests that a full resentencing hearing would have resulted in vacatur of the gang enhancements in case No. SS130495A and case No. SS110022A. He bases that argument on Assembly Bill No. 333, which amended section 186.22 to modify the elemental definitions of " 'pattern of criminal gang activity' " and " 'criminal street gang' " (§ 186.22, subds. (e), (f)), and to clarify what it means to "benefit, promote, further, or assist" a criminal street gang (§ 186.22, subd. (g)). (Stats. 2021, ch. 699, §§ 3, 4.) The amended statute also now prescribes the permissible age of predicate offenses used to show a pattern of criminal gang activity relative to one another and to the currently charged offense; the predicate offenses must have commonly benefited a criminal street gang; the common benefit of the predicate and currently charged offenses must have been more than reputational; the currently charged offense may not be used to establish a pattern of gang activity; and the gang's members must have collectively engaged in the pattern of gang activity. (§ 186.22, subds. (e)–(g).) The substantive amendments to section 186.22 are ameliorative and thus apply retroactively in nonfinal cases, including those where resentencing proceedings render a judgment nonfinal.

(*People v. Trent* (2025) 112 Cal.App.5th 251, 263; *People v. Keel* (2022) 84 Cal.App.5th 546, 565.)

In exchange for the dismissal of other charges and allegations in the three cases before us, defendant admitted that he committed manslaughter and possessed a loaded firearm for the benefit of a criminal street gang. At the time of his initial sentencing, defendant also pleaded no contest in a fourth case to active participation in a criminal street gang and defense counsel stipulated that "police reports and other discovery" provided a factual basis for that plea. As defendant notes, because the charges against him were resolved through a negotiated disposition, the appellate record contains little evidence specifically establishing his gang affiliation or the gang-related nature of the offenses. But the limited record does not establish ineffective assistance. The mere absence of evidence from the record does not foreclose the possibility that it exists and defense counsel was aware of its existence. Counsel may have assessed that the prosecution would likely be able to satisfy the requirements of amended section 186.22 and that raising the issue would thus be unlikely to benefit defendant, especially if it would invite the court to consider other permissible sentence modifications. In other words, as the Attorney General observes, counsel may have "believed that attempting to interfere with other parts of the stipulated sentence could ultimately lead to a less favorable outcome."

A similar explanation may exist for defense counsel's asserted failure to request vacatur of restitution associated with the vacated manslaughter conviction. At the time of his plea, defendant entered a *Harvey* waiver by which he agreed to assume responsibility for restitution associated with any dismissed charges (including the murder and gang participation charges in case No. SS110099B, which arose from the same shooting incident as the vacated manslaughter conviction). The original sentencing court imposed a restitution fine of $1,800 in case No. SS110022A, well below the maximum permissible fine of $10,000. (§ 1202.4, subd. (b)(1).) It imposed the maximum $10,000 fine in case

No. SS110099B, but defendant was also convicted in that case of soliciting murder. (And vacatur of the manslaughter conviction did not affect the statutory maximum of the restitution fine. (*Ibid.*)) With respect to direct victim restitution, the court ordered that defendant pay $9,500 to the California Victim Compensation Board in case No. SS110099B. That amount appears to have included $7,500 in burial expenses for the shooting victim and $2,000 in relocation expenses for the victim's family. The court also ordered undetermined amounts of direct victim restitution in all three cases, and the record indicates those amounts remained undetermined at the time of resentencing. Under the circumstances, counsel may have concluded that raising the issue of restitution in the resentencing context would be unlikely to result in any practical benefit to defendant and could actually cause additional restitution to be ordered. (Cf. *People v. Lamoureux* (2020) 57 Cal.App.5th 136, 151–152.)

On this record, we cannot say that defense counsel lacked a reasonable tactical basis for not requesting vacatur of the restitution order or gang enhancements. (See *People v. Kendrick* (2014) 226 Cal.App.4th 769, 778 ["If, as here, the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate court must reject the claim of ineffective assistance unless there can be no satisfactory explanation for counsel's conduct."].) Although defendant asserts that counsel also failed to seek the benefit of other ameliorative legislation, he does not identify the particular legislation or discuss its applicability to these cases. We therefore treat the assertion as forfeited and do not consider it further. (See *Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 ["When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].) Nor do we consider defendant's allegations in his request for a certificate of probable cause attached to the notice of appeal, as those allegations would be more appropriately addressed in a habeas corpus proceeding. (See *People v. Mendoza Tello*

8

(1997) 15 Cal.4th 264, 266–267.)[1]  Defendant has not demonstrated that his counsel performed deficiently.

## III.    DISPOSITION

The judgment is affirmed.

---

[1]  As the Attorney General notes, were we to consider defendant's allegations that he discussed the gang enhancements and restitution order with defense counsel before the resentencing hearing, those allegations would suggest that counsel's actions at the hearing were the product of a conscious tactical choice rather than an inadvertent mistake.  The allegations provide no additional insight as to *why* counsel elected not to make the arguments suggested by defendant.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H051251
*The People v. Rogers*